United States District Court
Southern District of Texas
**ENTERED**
June 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIGUEL A. FLORES | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:19-MC-0932 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner Miguel A. Flores, an Ohio state prisoner proceeding pro se, filed a self-titled "Motion for Immediate Return of Seized Property." (Dkt. No. 1.) Petitioner failed to pay the filing fee required to proceed with a civil action at the time he filed his motion. Upon screening the complaint according to 28 U.S.C. § 1915A, the undersigned finds that this action is frivolous because the Court lacks subject matter jurisdiction over the alleged controversy. Therefore, Petitioner's claim should be dismissed without prejudice.

## BACKGROUND

On June 5, 2019, Petitioner initiated the pending miscellaneous action. (Dkt. No. 1.) It appears that Petitioner seeks relief from the "McAllen District Attorney's Office" for failure to return property that was taken from Petitioner during the execution of a state arrest warrant. (*Id.* at 2-3.) Petitioner "asserts that on November 23, 2011 he was detained by McAllen, Texas police officers under arrest warrant numbers 2011-3341 / 2011-3340." (*Id.* at 2.) It was during his arrest and subsequent detention that Petitioner claims his property was confiscated. The property allegedly confiscated by state authorities was "U.S. currency totaling $2,500, a gold ring containing approximately 19 diamonds worth an estimated $2,000 and a Citizen Echo Drive, diamond bezel watch valued at approximately $700." (*Id.*) Petitioner claims that "no forfieture

[sic] hearing has taken place pursuant to Texas law." (*Id.* at 2.)   Never does Petitioner allege that any federal agency or officer ever took possession of the property he now wishes to have returned.

Petitioner's only interaction with federal law enforcement in McAllen and the surrounding area appears to be a federal arrest warrant out of the Northern District of Ohio, which was executed in McAllen on November 23, 2011, for violation of terms of supervised release.   (7:11-mj-03100, Dkt. No. 2.)   Upon his arrest and appearance before a federal magistrate judge, Petitioner waived an identity hearing and was subsequently transferred to the Northern District of Ohio for further proceedings.[1]   (7:11-mj-03100, Dkt. No. 4.)

## ANALYSIS

Section 1915A of title 28 states that a "court shall review, before docketing, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   Further, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915A(b).   A complaint is frivolous when it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."   *Id.*   A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Petitioner was sentenced on June 25, 2007, in the Northern District of Ohio, for conspiracy to possess with intent to distribute cocaine, cocaine base (crack) and marijuana, to 27 months in prison, followed by a 4-year term of supervised release.   Judgment, *United States v. Flores*, No. 3:05-cr-783-06 (N.D. Ohio Jun. 26, 2007), ECF No. 272.   On Dec. 13, 2011, the term of supervised release was revoked and he was sentenced to 36 months in prison with no further term of supervised release.   Order, *United States v. Flores*, No. 3:05-cr-783-06 (N.D. Ohio Dec. 13, 2011), ECF No. 331. Petitioner has been released from federal prison and, based on the return address associated with his filing, is currently is state custody in Ohio.   (Civ. Dkt. No. 1-1 at 1); *see also* Ohio Dep't of Rehab. & Corr., Offender Search, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A728141 (last visited on June 13, 2019).

A district court has jurisdiction to entertain a motion to return property during the course of a criminal proceeding under Rule 41(g) of the Federal Rules of Criminal Procedure. After judgment has been rendered, such motions are correctly considered civil actions under 28 U.S.C. § 1331. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Rule 41(g) assumes that the federal government has possession of the property sought to be returned. *See United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is only proper if the United States possesses the concerned property); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (same). Likewise, section 1331 of title 28 gives district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Neither section 1331 nor Rule 41(g) give a district court the power to order state or local officials to return property in their possession. *See Marshall*, 338 F.3d at 995; *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004).

Petitioner claims that his property was seized by McAllen, Texas police officers. (Dkt. No. 1 at 2.) Never does Petitioner allege that a federal officer or agency has possession of the property. Furthermore, Petitioner names the State of Texas as a party to his suit and goes so far as to "certify that a true and accurate copy of the forgoing Motion for Immediate Return of Seized Property was mailed . . . to the McAllen District Attorney's office." (*Id.* at 1, 3.) Therefore, the undersigned finds no evidence or pleadings in Petitioner's motion that would invoke the jurisdiction of this Court.

Petitioner correctly recognizes that property seized by the state is subject to forfeiture if it is found to be contraband. (Dkt. No. 1 at 2.) According to Texas Code of Criminal Procedure article 59.05, a forfeiture hearing must be held and the "state has the burden of proving by a preponderance of the evidence that property is subject to forfeiture." Petitioner acknowledges

this but alleges that "there has been no foreiture [sic] hearing pursuant to <u>Art. 59.05</u>."  (*Id.*) Accordingly, Petitioner's grievance is with the police department that allegedly seized his property and the Hidalgo County District Attorney's Office for its alleged failure to either move for a forfeiture hearing or notify Petitioner of such a hearing under state law.   Therefore, Petitioner's claim is frivolous as the Court lacks jurisdiction to hear Petitioner's claim.

<u>CONCLUSION</u>

***Recommended Disposition***

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's "Motion for Immediate Return of Seized Property" (Dkt. No. 1) be **DISMISSED** without prejudice as the Court lacks jurisdiction over Petitioner's claim.

***Notice to the Parties***

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 13th day of June, 2019.

Juan F. Alanis
United States Magistrate Judge